IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PEARL SEAS CRUISES, LLC, | § § | |
| Plaintiff, | § § | |
| v. | § § | C.A. NO. 4:13-cv-02790 |
| LLOYD'S REGISTER NORTH AMERICA, INC., | § § § § | Jury Trial Demanded |
| Defendant. | § § | |

## AGREED STIPULATED CONFIDENTIALITY ORDER

Plaintiff, PEARL SEAS CRUISES, LLC and Defendant, LLOYD'S REGISTER NORTH AMERICA, INC. agree that certain information, documents and things requested from the parties or from third parties during discovery should be kept confidential to protect the legitimate business interests and privacy rights of the parties, third parties and their respective business associates, and further agree that such information, documents and things are eligible for protection under FED.R.CIV.P. 26(c), and

WHEREAS the parties have stipulated to and request that the Court sign and enter this Agreed Stipulated Confidentiality Order.

IT IS HEREBY ORDERED as follows:

1. **Proceedings and Form of Information Governed**

This Agreed Stipulated Confidentiality Order ("Confidentiality Order") shall govern any document,[1] information or other tangible thing furnished by any party or non-party (a "producing party") to any other party or nonparty in connection with this lawsuit that is appropriately designated under the provisions of this Order. The form of information that may be protected includes, but is not limited to, documents produced in discovery, responses to requests to produce documents or other things, responses to interrogatories, responses to requests for admissions, responses to subpoenas, Rule 26 Disclosures, deposition testimony and exhibits, claims files, underwriting files, emails, correspondence, notes, logs, insurance policies, privilege logs, disclosures and all copies, extracts, summaries, compilations, designations and portions of any of them. This Confidentiality Order shall be binding on the parties when signed regardless of whether or when the Court enters the Order. Nothing shall prevent a party from moving that the Confidentiality Order be withdrawn or revised, in whole or in part, provided proper notice is given and good cause shown.

2. **"Confidential" Defined**

Any document, information or tangible thing may be designated Confidential if the producing party in good faith determines it to contain

---

[1] The term "document" shall be synonymous in meaning and equal in scope to the usage of that term in Rule 34 of the Federal Rules of Civil Procedure, and shall include every writing and recording within the meaning given those terms in Rule 1001 of the Federal Rules of Evidence.

confidential, commercially sensitive or proprietary information, including information related to any of the following: technical data, research and development information, marketing or other business plans, product or service information, customer information, trade secrets, competitive information, financial information of the producing party or another party, information about other claims of other policyholders, company practices, or any other information of such sensitivity to warrant treatment as Confidential information, including information in written, oral, electronic, graphic, pictorial, audiovisual or other form, whether it is a document, information contained in a document, item produced for inspection, information revealed during a deposition, information revealed in an interrogatory answer or other production or disclosure. A receiving party may use Confidential information designated as such under this Confidentiality Order solely for the purpose of prosecuting or defending the claims asserted in this lawsuit and for no other purpose without leave of Court.

3. **Designation of Information for Protection under This Order**

   (a) **Timing and Method**

Only documents, information or things the producing party reasonably believes to qualify for protection under FED.R.CIV.P. 26(c) may be designated as "Confidential." That designation may be made by stamping or otherwise marking the material prior to production with the word "Confidential." In the case of

written material, documents or tangible items, the party or nonparty producing the information shall so designate the documents or tangible things when it provides the information to the other party ("the receiving party"). In the case of deposition testimony, paragraphs 11 and 12 shall apply.

### (b) Inadvertent Production

If a party or non-party, through inadvertence, produces or provides any "Confidential" information without first labeling, marking or designating it as such then the producing party may give written notice to the receiving party or parties that the document, thing, transcript or other information is "Confidential" and should be treated in accordance with the provisions of this Confidentiality Order. The receiving party or parties must thereafter treat the document, thing, transcript or other information accordingly from the date such notice is received. No party shall assert that disclosure waived any privilege or any protection provided under the terms of this Confidentiality Order. Disclosure of the document, thing, transcript or other information prior to receipt of notice to persons not authorized to receive it shall not be deemed a violation of this Confidentiality Order; the receiving party shall promptly advise those persons to whom it made disclosure that the material subject to and treated in accordance with this Confidentiality Order.

4. **Disclosure of "Confidential" Information**

The receiving party may disclose documents, information contained therein, other information and other things designated "Confidential," subject to paragraph 5, below, to and only to:

(a) the attorneys of record in these actions and any non-in-house attorneys of a party retained in these actions to consult on the litigation, and their associates, clerks, legal assistants, stenographic and support personnel, and independent organizations retained by those attorneys to provide litigation support services in these actions, including their employees;

(b) independent experts and consultants retained in these actions and their employees;

(c) officers, directors or employees of a party, whose access to the "Confidential" information is necessary for purposes of preparation, pre-trial discovery, and proceedings, hearings, trial, appeal, settlement or administration of the case;

(d) in-house counsel and their respective legal assistants and other support personnel;

(e) persons permitted under paragraph 10 below;

(f) court reporters, videographers and court personnel, provided the "Confidential" information is returned to the party utilizing the information at the conclusion of the deposition, hearing or trial, as the case may be;

(g) trial consulting services, including mock jurors, retained by a party;

(h) photocopy, document imaging and database services and consultants retained by counsel to set up, maintain or operate computer systems, litigation databases or to convert data for inclusion in a database;

(i) other persons hereafter designated by written agreement of all parties in these actions or by Order of the Court, permitting disclosure;

(j) witnesses during a deposition or at trial, or solely for purposes of preparation of such witnesses;

(k) the party's insurers, and its agents, employees and attorneys; and

(l) the Court, its clerks, deputies and staff.

**5. Declarations by Persons Receiving Confidential Information and Disclosure to Experts**

As a condition precedent to disclosure of Confidential Information to the individuals identified in subparagraphs 4(b), (g), (i) and 4(j), each individual must acknowledge receipt and understanding of this Confidentiality Order and agree (i) to be bound by it, (ii) to use Confidential information solely for the above-captioned action and (iii) not to disclose such information to any person, firm, corporation or other entity not permitted to have access to it pursuant to the terms

6

of this Confidentiality Order. A form of undertaking for this purpose is attached as Exhibit A. Counsel who has provided Confidential information to an individual shall maintain a copy of each executed Exhibit A.

6. **Use of Confidential Information**

The receiving party and persons to whom it is disclosed may use Confidential information solely in preparation for trial including motion practice and discovery, mediation, and during the trial of the above-captioned action and any post trial and appellate proceeding concerning the above-captioned action and may not use it for any business or other purpose, unless the disclosing party agrees in writing or the Court issues an Order permitting such use. No person who receives Confidential information shall disclose it to any person not permitted under this Confidentiality Order to receive it.

The parties may by written stipulation signed by counsel for each party provide for exceptions to this Order. Any party may seek an Order of this Court modifying this Confidentiality Order. This Order shall not prevent a party from contending in Court that information is or is not in fact Confidential Information.

7. **Court Procedures**

Pleadings or other papers filed with or otherwise submitted to the Court that contain, refer to, or annex Confidential information shall be filed in sealed envelopes on which shall be endorsed with the title and case number of the

appropriate action, an indication of the nature of the contents of the sealed envelope or other container, the word "CONFIDENTIAL" and the following statement: "Filed Under Seal Pursuant To Confidentiality Order." Any pleadings or other papers shall not be filed or served electronically, but instead shall be filed and served in accordance with the Local Rules and procedures of this Court.

Any Court hearing that refers to or describes Confidential information shall, in the Court's discretion, be held *in camera*. The party seeking to use Confidential information at the hearing shall have the burden of requesting an *in camera* hearing.

### 8. Party's Own Information

The restrictions on the use of Confidential information established by this Confidentiality Order are applicable only to the use of such information received by a party from another party or from a nonparty. A party is free to do whatever it desires with its own Confidential information.

### 9. Objections

A party shall not be obligated to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude a subsequent challenge.

A party may object to any designation of Confidential information under this Confidentiality Order using the following procedure:

(a) The objecting party or person shall give counsel of record for the party asserting the protection written notice, stating the reason for its objection and specifying the document by production number, information or other thing as to which the party objects.

(b) If the parties cannot reach agreement concerning the matter within five business days after delivery of the notice or such shorter time as the Court may allow, then the objecting party may file and serve a motion for an Order of the Court to alter its designation as Confidential information. The objecting party must file its motion within ten business days after the expiration of the five-business-day period referred to in this subparagraph. The motion shall be set for the earliest possible date on the Court's motion calendar and shall not be continued without the consent of all parties. The protections of this Order shall continue to apply to the objected-to document, information or thing pending a decision by the Court. The designating party has the burden to establish that the challenged Confidential Information is confidential and entitled to the protection this Confidentiality Order provides.

**10. Disclosure to Author or Addressee**

Nothing shall prohibit a party, or its counsel, from disclosing any document designated as "Confidential" to the person who is the author, addressee or prior

recipient of the document. None of the provisions of this Order shall apply to that disclosure.

**11. Depositions**

For deposition testimony or exhibits to be entitled to protection under this Order, a party must designate the testimony and exhibits disclosed at a deposition as Confidential by requesting the reporter to so designate the transcript or any portion of the transcript at the time of the deposition.

If no such designation is made at the time of the deposition, any party has ten (10) days after receipt of the final transcript of the deposition session to designate, in writing to the other parties and to the court reporter, what portions of the transcript and which exhibits the party designates as Confidential.

During the transcription and following ten (10) day period after receipt of the transcript, the transcript and exhibits must be treated as Confidential unless the disclosing party consents otherwise.

Each party and the court reporter must attach a copy of any final and timely written designation notice to the transcript and each copy of the transcript in its possession, custody or control, and the portions designated in such notice must thereafter be treated in accordance with this Confidentiality Order. It is the responsibility of counsel for each party to maintain materials containing Confidential information in a secure manner and appropriately identified so as to

allow access to such information only to such persons and under such terms as is permitted under this Confidentiality Order.

## 12.   Exclusion From Deposition

Whenever any documents, information or other things designated as "Confidential" are to be discussed or disclosed in a deposition, any party claiming confidentiality may exclude from the room any person, party or representative of party who is not entitled to receive documents, information or other things designated as "Confidential" as appropriate, unless this Court orders otherwise.

## 13.   Subpoenas

In the event any person or party subject to this Confidentiality Order having possession, custody or control of any Confidential information receives a subpoena or other process or Order to produce information in a different proceeding or case, that person or party shall within three (3) days notify in writing the attorneys of record in this case of the party claiming such confidential treatment of the item, document or information sought by such subpoena or other process or order, shall furnish those attorneys of record in this case with a copy of said subpoena or other process or order, and shall provide reasonable cooperation with respect to any procedure to protect that information. If the party asserting confidentiality makes a timely motion to quash or modify a subpoena, process or order, unless otherwise ordered by a court of competent jurisdiction, there shall be no disclosure of the

subject matter objected to pursuant to the subpoena, process or order until the Court having jurisdiction over the controversy has ruled upon the motion and then only in accordance with the ruling so made. If no such motion is made despite a reasonable opportunity to do so, any person or party subject to this Order who receives any subpoena or other process or order in a different proceeding or case shall be entitled to comply with such subpoena process or order. Nothing in this Confidentiality Order should be interpreted to require any party to violate any other Court's order.

**14.  No Waiver**

Other than as specified in this Confidentiality Order, neither the taking of nor the failure to take any action to enforce the provisions of this Confidentiality Order, nor the failure to object to any designation shall constitute a waiver of any right to seek and obtain protection or relief in this action or any other action, retroactively or otherwise, including, but not limited to, the right to claim that any information is or is not proprietary to any party or nonparty, is or is not entitled to protection under this Confidentiality Order, does or does not embody trade secrets of any party or nonparty, or is not then subject to discovery. The procedures this Confidentiality Order sets forth shall not affect the rights of the parties to object to discovery on grounds other than those related to trade secrets or proprietary information claims, nor shall it relieve a party of the necessity of proper response

to discovery devices. The execution of this agreement by any party shall not prevent that party from objecting to any discovery request on grounds allowed by the Federal Rules of Civil Procedure.

### 15.   No Probative Value

This Confidentiality Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any party or person with respect to any Confidential information. The fact that information is designated "Confidential" under this Confidentiality Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential or proprietary and shall not be used for or against the party asserting, invoking or arguing for or against the designation for any purpose. This Confidentiality Order is without prejudice to the right of any party or nonparty to bring before the Court the question of: (i) whether any particular material is or is not confidential; (ii) whether any particular information or material is or is not entitled to a greater or lesser degree of protection than this Confidentiality Order provides; or (iii) whether any particular information or material is or is not relevant to any issue of this case. This Confidentiality Order shall not be admissible during the trial of this action, nor shall the jury be advised of its contents. The fact that any information is disclosed, used or produced in discovery or trial shall not be construed as an express or implied determination or deemed admissible or offered

in any action or proceeding before any court, jury, agency or tribunal as evidence of or concerning whether or not information is confidential or proprietary.

### 16.   Return of Information

Within sixty days after the conclusion of this lawsuit, whether by judgment and exhaustion of all appeals or by settlement, and upon written request made by the producing party, all documents and information made subject to this Confidentiality Order, and all copies, shall be, at the direction of the producing party, (i) delivered to the party that furnished such Confidential Information or (ii) in lieu of delivery to the furnishing party, destroyed, in which event the receiving party, upon request, shall give written notice of such destruction to the producing party.  As part of compliance with a written request, the attorneys of record for the receiving party shall ensure that all the Confidential information in the possession, custody or control of their clients, experts and consultants is also destroyed or returned to the party that furnished such Confidential Information.  In no event shall a party, its experts or consultants retain a copy of any Confidential information produced to it.  Notwithstanding the foregoing, counsel of record in this lawsuit may retain one copy of the production materials, all pleadings and motions filed with the Court or served upon counsel and may retain one copy of each transcript of any depositions taken in this action, including any exhibits referenced, provided, however, that access to Confidential information contained

in pleadings, depositions and exhibits shall be limited to counsel of record for its own internal use and not be provided to anyone without the express prior written permission of counsel of record for the producing party or pursuant to a Court order.

**17.   Miscellaneous**

Nothing in this Confidentiality Order shall preclude any party to the proceeding or their attorneys from:

(a)   Disclosing or using, in any manner or for any purpose, any information, documents or things obtained from a source other than discovery or to which a party has a right of access independent of discovery.

(b)   Disclosing or using, in any manner or for any purpose, any information, document or thing that is at the time of production or disclosure or subsequently becomes, through no wrongful act or failure to act on the part of the receiving party, generally available to the public through publication or otherwise or is already rightfully in the possession of the receiving party at the time of production.

**18.   Court's Jurisdiction**

The provisions of this Confidentiality Order regarding the use and disclosure of Confidential Information shall survive the termination of this action. The

United States District Court for the Southern District of Texas, Houston Division shall retain jurisdiction and venue with respect to this Confidentiality Order.

19. **Non-Party Information**.

The existence of this Confidentiality Order must be disclosed to any person producing documents, tangible things, or testimony in this action. Any such person may designate documents, tangible things, or testimony it produces or provides Confidential pursuant to this Confidentiality Order.

APPROVED AND ENTERED:

Signed this 26 day of Feb, 2014.

_____
UNITED STATES DISTRICT JUDGE

Dated: February 24, 2014.

Respectfully submitted,

_____
Keith B. Letourneau
State Bar No. 00795893
Federal Bar No. 20041
700 Louisiana, Suite 4000
Houston, Texas 77002
Telephone: (713) 228-6601
Facsimile:   (713) 228-6605
Email: kletourneau@blankrome.com
*Attorneys for Plaintiff, PEARL SEAS CRUISES LLC*

**OF COUNSEL:**
Wm. Tracy Freeman
State Bar No. 00793757; Federal Bar No. 19588
Email: wfreeman@blankrome.com
**BLANK ROME LLP**

John D. Kimball
Lauren B. Wilgus
Rebecca L. Avrutin
The Chrysler Building
405 Lexington Avenue
New York, NY 10174-0208
(212) 885-5000
**BLANK ROME LLP**

Respectfully submitted,

/s/ *Eric J.R. Nichols*
Eric J.R. Nichols
State Bar No. 14994900
Federal Bar No. 13066
515 Congress Avenue, Suite 1750
Austin, Texas 78701

Telephone: (512) 708-1000
Facsimile: (512) 708-1002
Email: <u>enichols@beckredden.com</u>
*Attorneys for Defendant, LLOYD'S*
*REGISTER NORTH AMERICA, INC.*

**OF COUNSEL:**
Gretchen S. Sween
State Bar No. 24041996; Federal Bar No. 562080
Beck Redden LLP
515 Congress Avenue, Suite 1750
Austin, Texas 78701

## EXHIBIT A

## DECLARATION REGARDING RECEIPT OF CONFIDENTIAL INFORMATION

I, _____, declare that:

1. My address is _____,
and the address of my present employer is _____.

2. My present occupation or job description is
_____
_____.

3. My present relationship to plaintiff/defendant is
_____
_____.

4. I have received a copy of the Agreed Stipulated Confidentiality Order ("Confidentiality Order") in this action.

5. I have carefully read and understand the provisions of the Confidentiality Order, agree to be bound by it and specifically agree I will not use or disclose to anyone any of the contents of any Confidential Information received under the protection of the Confidentiality Order.

6. I understand that I am to retain all copies of any of the materials that I receive that have been so designated as Confidential Information in a container, cabinet, drawer, room or other safe place in a manner consistent with the Confidentiality Order and that all copies are to remain in my custody until I have completed my assigned or legal duties. I will destroy or return to counsel all confidential documents and things that come into my possession. I acknowledge that such return or the subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed upon me by the Confidentiality Order.

7. I understand that the use of Confidential Information in any manner contrary to the provisions of the Confidentiality Order may subject me to sanctions of the Court for contempt.

8.  I hereby irrevocably submit to the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division for the purpose of enforcing the Confidentiality Order and the obligations I am undertaking by executing this declaration.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this _____ day of _____, 2014, in the State of _____.


_____
Signature